# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE M. STEWARD, #K-60654,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-768-MJR |
| | ) |
| **LIEUTENANT HOFFMAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). On December 8, 2009 a code 3 medical emergency was called as a result of a reaction Plaintiff suffered after he stopped taking his medication. Defendant Hubler responded to the code first, and entered Plaintiff's cell to evaluate the situation. Shortly afterwards Defendants Little and Peek responded to the code, and they consulted with Defendant Hubler regarding the situation from outside of the cell, which they determined was a non-emergency. Plaintiff was then placed in cuffs, which caused bruises to his wrists. Plaintiff was escorted by Defendants Hubler and Hoffman from his cell to a new housing unit. Plaintiff was dragged along the way, and Defendants Hubler and Hoffman slammed Plaintiff's head and shoulder into the gate of his new housing unit. Plaintiff sustained further bruising as a result. Plaintiff was seen by Defendants Little and Peek the next day, who refused to document the bruises, but instead told Plaintiff that he needed to fill out forms for sick call.

On December 22, 2009, Plaintiff was seen by Defendant Furlow. Plaintiff was told by Defendant Furlow that his bruises were minor, and did not document or take pictures of the injuries. On January 24th Plaintiff was seen by Defendant Bradley[1], who reacted much the same as Defendant

---

[1] Plaintiff lists Defendant Bradley in the caption of his complaint and refers to him as such in the first half of his complaint. However, near the end of the complaint Plaintiff begins to refer to 'Brady'. Because there is no 'Brady' listed in the caption, and because Plaintiff refers to both Bradley and 'Brady' as a correctional officer with

Furlow, without taking pictures of the injuries.

**Discussion:**

Plaintiff first claims that the actions of Defendants Hubler, Little, Peek, Furlow, and Bradley amount to deliberate indifference to his medical needs when he was deemed a non-emergency, and when they refused to treat or document his bruises. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To Prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official

---

internal affairs, the Court will assume that 'Brady' is in face Defendant Bradley.

knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff alleges that the determination that he was a non-emergency case and the failure to document his bruises amounts to a failure to treat his injuries. However, Plaintiff received attention from Defendants Hubler, Little, and Peek when the emergency medical code was issued, although Plaintiff believes the attention was lax in effort. Even if this is the case, the actions of Defendants Hubler, Little, and Peek give rise to a claim for negligence, which does not qualify as an Eighth Amendment claim. *See Duckworth* 532 F.3d at 679. Plaintiff does not explain what treatment he expected to receive after the fact from Defendants Furlow and Bradley, but simply states that they refused to take pictures of his bruises. Again, this may raise a claim of negligence at the most, which

4

is not an Eighth Amendment claim. For these reasons, this claim for medical indifference against Defendants Hubler, Little, Peek, Furlow, and Bradley is dismissed with prejudice.

Plaintiff next claims that the actions of Defendants Hubler and Hoffman, when they dragged him through the prison and then slammed his head into a gate causing bruising, amount to the use of excessive force. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S.Ct. at 1180 (*citing Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* (The question is whether force was de minimus, not whether the injury suffered was de minimus); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff alleges that he suffered bruising as a result of the force applied. However, even as minimal as this injury seems to be, it has no bearing on whether the force was excessive. Instead, the Court must consider whether dragging Plaintiff through the prison and slamming his head into a gate was part of a 'good faith effort to maintain discipline', or was done with malicious intent to cause pain. Because the answer to this question is unclear, this claim against Defendants Hubler and Hoffman cannot be dismissed at this time.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **FURLOW, BRADLEY, LITTLE,** and

5

**PEEK** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **HUBLER** and **HOFFMAN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 28, 2011**

**/s/ MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**