IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE M. STEWARD, #K60654, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–768–MJR–SCW |
| | ) |
| LIEUTENANT HOFFMAN, | ) |
| LIEUTENANT HUBLER, | ) |
| | ) |
| Defendants. | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

## I. Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **LOCAL RULE 72.1(a)** for a Report and Recommendation on the issue of whether Defendants Lieutenant Hoffman and Lieutenant Hubbler used excessive force on Plaintiff. It is **RECOMMENDED** that the Court **DENY** Defendants' motion for summary judgment (Docs. 33 & 34) and that the Court **ADOPT** the following findings of fact and conclusions of law.

## II. Factual Findings

This matter stems from an event which occurred while Plaintiff was housed at Pinckneyville Correctional Center on December 8, 2009. At approximately 3:40 p.m. a Code 3 was issued as Plaintiff was found lying in his cell, face down and unresponsive (Doc. 34 Ex. 1). In response to the Code 3, Health Care Unit staff as well as Lt. Hubler showed up at Plaintiff's cell (*Id.*). Plaintiff alleges that Lt. Hubler first responded to the Code 3 and kicked the bottom of Plaintiff's feet asking him what was wrong (Doc. 42-1 at ¶ 1). According to Plaintiff, he then ordered Plaintiff to sit up which he

did and was handcuffed (*Id;* Doc. 42-2 p. 6 at Interrogatory No. 7). An incident report written by a reporting employee noted that when staff from the Health Care Unit arrived, Plaintiff was sitting up and complaining of a headache (Doc. 34 Ex. 2).[1] Staff checked Plaintiff over and found no problems, injuries, or any sign of distress (Doc. 34 Exs. 1, 2 & 3). According to the medical records, Plaintiff became agitated and combative and was issued a disciplinary report for providing false information (Doc. 34 Ex. 3). Plaintiff alleges that the health care staff never entered his cell, but only stood at the door and merely agreed when Lt. Hubler informed them that Plaintiff was faking his medical problems (Doc. 42-1 at ¶ 2). Plaintiff maintains that at this point he was still handcuffed and that the cuffs were "excessively tight" causing bruising (*Id.*).

Plaintiff was then removed from the cell and taken to segregation (Doc. 34 Ex. 3). Plaintiff alleges that once out of his cell, Lt. Hubler and Lt. Hoffman became aggressive and walked him aggressively to segregation with his head down and arms bent upward (Doc. 42-1 at ¶ 5).[2] Plaintiff maintains that Hubler and Hoffman used his head to ram open a gate causing bruising to his shoulder, which also bled, and knots to the top of his head (*Id.*).

### III. <u>Conclusions of Law</u>

**A.** **Summary Judgment Standard**

Summary Judgment is proper only "if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Mktg. & Trade v. Multi Corp.*, **648 F.3d 506, 517 (7th Cir. 2011)**

---

[1] Both incident reports as well as the medical records indicate that Plaintiff complained to the Health Care Unit staff that he had been suffering from a headache for three days (Doc. 34 Exs. 1, 2, & 3).

[2] Both Hubler and Hoffman admit that they were the officers who escorted Plaintiff to segregation and that he was handcuffed (Doc. 42-2 p. 2 at Interrogatory No. 6; p. 5 at Interrogatory No. 6).

(internal quotation marks omitted)(citing FED.R.CIV.P. 56(a)); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, **422 F.3d 603, 607 (7th Cir. 2005)..** The party seeking summary judgment bears the initial burden of demonstrating - based on the pleadings, affidavits, and/or information obtained via discovery - the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986)**.

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)(quoting FED.R.CIV.P. 56(e)(2))**.[3] A fact is material if it is outcome determinative under applicable law. *Anderson*, **477 U.S. 242, 248 (1986);** *Ballance v. City of Springfield, Illinois Police Department*, **424 F.3d 614, 616 (7th Cir. 2005);** *Hottenroth v. Village of Slinger,* **388 F.3d 1015, 1027 (7th Cir. 2004).** A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, **477 U.S. at 248.** "A mere scintilla of evidence in support of the nonmovent's petition is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion." *Albiero v. City of Kankakee*, **246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted)**.

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009)**. The Court adopts reasonable

---

[3] Rule 56 was revised in December 2010. According to the Report of the Judicial Conference Committee on Rules of Practice and Procedure, the revisions "are not intended to change the summary judgment standard or burdens." Judicial Conference Committee on Rules of Practice and Procedure, Report to the Chief Justice of the United States and Member of the Judicial Conference of the United States, 14 (Sept. 2009), available at: http://www.uscourts.gov/uscourts/RulesAndPolices/rules/Reports/Combined_St_Report_Sept_2009.pdf.

inferences and resolves doubts in the nonmovant's favor. *Id.*; *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d at 512.** Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, **371 F.3d 928, 935 (7th Cir. 2004).** *See also Anderer v. Jones*, **385 F.3d 1043, 1064 (7th Cir. 2004).**

**B.      Excessive Force**

Plaintiff's Complaint alleges that Defendants Hubbler and Hoffman used excessive force against him when they dragged him and ran him into a gate while in the process of taking Plaintiff to segregation. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, **503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992);** *DeWalt v. Carter*, **224 F.3d 607, 619 (7th Cir. 2000).** Such force is described as the "unnecessary and wanton infliction of pain." *Forrest v. Prine*, **620 F.3d 739, 744 (7th Cir. 2010).** The test for whether such force is excessive is whether the force was used in "a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*; *Outlaw v. Newkirk*, **259 F.3d 833, 837 (7th Cir. 2001);** *Santiago v. Walls*, **599 F.3d 749, 747 (7th Cir. 2010).** The Court uses several factors in order to determine whether the force was legitimate or malicious, including: "the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to tempter the severity of the force used, and the extent of the injury that force caused to an inmate." *Santiago*, **599 F.3d at 757 (citing** *Lewis v. Downey*, **581 F.3d 467, 477 (7th Cir. 2009))**.

However, not every touch by an official constitutes excessive force. *Lewis*, **581 F.3d at 475 (quoting** *Hudson*, **503 U.S. at 9)**. "Even if an officer's use of force serves no good-faith

disciplinary purposes, the force may be so *'de minimis'* that it does not violate the Eighth Amendment." *Hendrickson v. Cooper*, **589 F.3d 887, 890 (7th Cir. 2009)(citing** *Hudson*, **503 U.S. at 10)**. Such *de minimis* use of force is usually excluded from "constitutional recognition…provided that the use of force is not of a sort repugnant to the conscience of mankind." *Outlaw*, **259 F.3d at 838 (quoting** *Hudson*, **503 U.S. at 9-10).** While force deemed *de minimis* is not actionable, the plaintiff also does not have to demonstrate a serious injury to state an excessive force claim. *Hendrickson*, **589 F.3d at 890-91;** *Outlaw*, **259 F.3d at 837-38.**

In support of their motion, Defendants cite to the Seventh Circuit case *DeWalt v. Carter*, **224 F.3d 607 (7th Cir. 2000)**. In *DeWalt*, the prisoner alleged that an officer shoved him into a door frame after the prisoner told the officer that his actions were unprofessional. *Id*. **at 610-11.** The Seventh Circuit found the act to be *de minimis* as it was a single, isolated act that did not result in further force and the prisoner's injuries were not particularly serious. *Id*. **at 620.** However, since the Seventh Circuit's ruling in *DeWalt*, the Supreme Court has clarified its inquiry into whether the force in a specific instance was *de minimis*. *Wilkins v. Gaddy*, **__ U.S. __, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010).** Finding that some courts had strayed from the clear holding in *Hudson*, the Court noted in *Wilkins* that the core inquiry in a excessive force case is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. **at 1178 (citing** *Hudson*, **503 U.S. at 7, 112 S.Ct. 995).** The type of force used is the ultimate inquiry and the Court noted that if injury were the main inquiry that "[a]n inmate who [was] gratuitously beaten by guards [could] lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury" which is not the case under the *Hudson* analysis. *Id*. **at 1178-79.** The extent of the injury, rather, is one factor that may provide insight into the amount of force applied or in deciding whether the force used

was necessary. *Id*. **at 1178.**

Here, the Court finds that there are issues of material fact as to whether Defendants used excessive force against Plaintiff. There are many issues of fact as to the events that occurred on December 8, 2009. Defendants allege that Plaintiff was combative and agitated during his encounter with Defendants in the cell, yet Plaintiff's affidavit states that it was Defendants who were aggressive towards Plaintiff. Further, while the medical records note that Plaintiff was combative during the Health Care Units' review of Plaintiff, neither incident report notes any combative or aggressive actions on the part of Plaintiff while in his cell. Plaintiff contradicts the medical staff's statement in his affidavit, stating that the Health Care Unit staff did not even examine Plaintiff or even enter his cell. He also points out that it was Defendants who were aggressive during the transfer from his cell to segregation, dragging Plaintiff along with his head down and arms in the air and that Defendants used his head to ram open the gate causing the injuries to his head and shoulder. However, the Grievance Officer's response to Plaintiff's later filed grievance regarding the incident notes that Defendants stated that Plaintiff was resisting, pulling and kicking while being taken to segregation (Doc. 42-2 at p. 15).[4] While the Grievance Officer note indicates Plaintiff admitted to resisting Defendants during an Internal Affairs interview, nothing in the interview notes indicates this admission (Doc. 42-2 at pp. 16-18). Clearly there are issues of fact as to what actually occurred on December 8, 2009 and as to which parties, Plaintiff or Defendants, were acting aggressively.

The parties also dispute the type of injuries suffered by Plaintiff. Plaintiff maintains that he suffered bruised wrists, shoulder, and head, as well as knots on his head and injuries to his shoulder

---

[4] Defendants do not point out this allegation in their motion, nor do they even allege that Plaintiff was resisting in any fashion as they walked him to segregation. Defendants only allege that Plaintiff was agitated and combative in his cell when security and medical staff arrived and that Plaintiff alleges he was dragged to segregation.

which caused bleeding.  Defendants point to the medical records from December 20, 2009 which note no marks on his wrists or any other injuries, although the Court notes that Plaintiff was not examined until almost two weeks after his move to segregation.  Clearly, there are several issues of fact as to Plaintiff's excessive force claim which prevent the granting of summary judgment in this case.

While Defendants make much of the fact that the medical reports note no marks on his wrists or other injuries, the Court notes that Plaintiff was not seen by the Health Care Unit after the December 8 incident until December 20, 2009 (Doc. 34 Ex. 3 at p. 5).   The documentation of his injuries did not occur until nearly two weeks after the incident in question, thus the lack of noted injuries by that time is not necessarily reliable for documenting the extent of Plaintiff's injuries in question.  Further, as noted in *Wilkins*, the extent of a plaintiff's injuries is only one factor and not the ultimate factor in determining whether an excessive force claim has been adequately alleged.  The fact that Plaintiff suffered only bruising does not preclude his excessive force claim as the injuries do not have to be significant. *See Hudson*, **503 U.S. at 9 (To hold otherwise, "would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury").**  The core inquiry is the type of *force* used and whether the use of force was *de minimis*. *Wilkins*, **130 S.Ct. at 1178-79.**   Here, there are still issues of fact which exist as to the type of force used by Defendants.  Viewing the facts in the light most favorable to Plaintiff, a jury could find that Defendants used excessive force if the jury credits Plaintiff's version of events that Plaintiff was not being combative, yet Defendants placed handcuffs on Plaintiff in an excessively tight fashion and dragged Plaintiff to segregation and, along the way, intentionally and without justification, rammed Plaintiff's head into the gate causing the injuries that Plaintiff alleges.  Thus, the undersigned **RECOMMENDS** that the Court **FIND** that Defendants are not entitled to summary judgment at this time.

C.  **Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity. To defeat a defense of qualified immunity, a plaintiff must demonstrate "(1) that the guard's conduct violated his constitutional rights, and (2) that the violated right was clearly established at the time of the alleged misconduct." *Lewis v. Downey*, **581 F.3d 467, 478 (7th Cir. 2009)(citing** *Siegert v. Gilley*, **500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991));** *Phelan v. Village of Lyons*, **531 F.3d 484, 487 (7th Cir. 2008).** The Court has sound discretion in determining which prong to analyze first. *Stainback v. Dixon*, **569 F.3d 767, 770 (7th Cir. 2009) (citing** *Pearson v. Callahan*, **555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).** As to the first prong, the Court has already discussed at length the issue of whether Defendants' conduct constituted a violation of Plaintiff's constitutional rights and has concluded that this issue is a question of fact left for the jury. *See Lewis*, **581 F.3d at 478.** Thus, the Court moves on to the second prong of determining whether the right allegedly violated by Defendants was clearly established at the time that Plaintiff was moved from his cell on December 8, 2009.

Defendants argue that the right was not clearly established as the Seventh Circuit found in *DeWalt* that a shove by a prison guard was not excessive force. However, the question before the Court is whether on December 8, 2009, a reasonable prison official could have reasonably concluded that when escorting a non-combative prisoner (when viewing the facts in the light most favorably to Plaintiff) he could intentionally use an inmate's head to ram open a gate hard enough to cause bruises, knots, and a bleeding shoulder. *See Hill v. Shelander*, **992 F.2d 714, 718 (7th Cir. 1993)**. As the Seventh Circuit states in *Hill,* the test for excessive force in Eighth Amendment cases has been well established for years. *Id*. If a finder of fact finds that a guard acts with malicious intent, than there is "no question that a reasonable prison sergeant should reasonably have known that the conduct

described…violated the [E]ighth [A]mendment." *Id*. Thus, Defendants are not entitled to qualified immunity. If, when viewing the facts in the light most favorable to Plaintiff, the jury finds that Plaintiff was not being combative and yet Defendants maliciously, and for the purpose of causing harm, dragged him to segregation and slammed his head into a gate causing the injuries Plaintiff alleges, then Defendants "did not act in the shadow of legal uncertainty." *Id*. **at 719.**

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Defendants are not entitled to summary judgment as there are too many issues of material fact. Thus, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (Doc. 33) be **DENIED**.

Should this Report and Recommendation be adopted in its entirety, only Plaintiff's claim for excessive force against Defendants Hubler and Hoffman will remain for trial.

IT IS SO ORDERED.

DATED: March 30, 2012

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge