# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE M. STEWARD, #K60654, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 10-cv-768-MJR-SCW ) |
| LIEUTENANT HOFFMAN, and LIEUTENANT HUBLER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Before the Court is Defendants Lt. Hoffman and Lt. Hubler's motion for summary judgment (Doc. 33), and the Report and Recommendation of U.S. Magistrate Judge Stephen C. Williams, recommending that the motion be denied (Doc. 44).

In October 2010, Plaintiff Willie M. Steward filed suit pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights by personnel at Pinckneyville Correctional Center. Steward sought and was granted leave to proceed in forma pauperis.

Following the Court's threshold review in February 2011, the only claims that proceeded were an Eighth Amendment "excessive force" claims against Defendants Hoffman and Hubler. Plaintiff Steward alleges that on December 8, 2009, he was found lying in his cell, face down and unresponsive. A team of guards and medical personnel responded and evaluated Steward, essentially concluding that he was faking an illness. Steward was written a disciplinary ticket for providing false information and, as a consequence, was removed from his cell and taken to segregation. Defendants Hoffman and Hubler were the correctional officers who walked Steward to segregation. Steward alleges, principally, that once out of his cell, Hoffman and

1

Hubler became aggressive and walked him aggressively to segregation with his head down and arms bent upward. Steward maintains that Hoffman and Hubler used his head to ram open a gate causing bruising to his shoulder, which also bled, and knots to the top of his head.

Hoffman and Hubler moved for summary judgment on January 19, 2012, on the theory that they only used the amount of force necessary to maintain or restore discipline in reaction to Steward's agitated and combative behavior. Defendants further argue that, under the circumstances alleged, they are entitled to qualified immunity because liability would be unprecedented. Steward filed a lengthy response, asserting that there are material questions of fact that preclude summary judgment (Doc. 42). Magistrate Judge Williams submitted a detailed Report (Doc. 44). Judge Williams has concluded that there are material questions of fact that preclude summary judgment, and that Defendants are not entitled to qualified immunity at this juncture because, viewing the facts in the light most favorable to Steward, the factual scenario falls within the ambit of long-standing precedents for Eighth Amendment liability. *See Hill v. Shelander*, 992 F.2d 714, 718 (7th Cir. 1993). Judge Williams recommends that the motion for summary judgment be denied, which would conclude this case.

The Report contained a notice advising the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" within 14 days (Doc. 44-1). To date, no objections have been filed by the parties, no extension of the deadline was sought, and the period in which such objections may be filed has expired.

Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985);** ***Video Views Inc., v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).** Having reviewed the motion and the Report and Recommendation, the Court concurs with Judge Williams' findings, analysis and conclusions. Accordingly, the undersigned District Judge: (1) **ADOPTS** Judge Williams' Report and Recommendation (Doc. 44); and (2) **DENIES** Defendants Hoffman and Hubler's motion for summary judgment (Doc. 33).

The Eighth Amendment "excessive force" claim against Defendants Hoffman and Hubler shall proceed to trial.

**IT IS SO ORDERED.**

**DATE: April 23, 2012**

                                         **s/** ***Michael J. Reagan***
                                         **United States District Judge**
                                         **Southern District of Illinois**